IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KALEO AARONA, et al., ) | CV. NO. 05-00197 DAE/BMK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITY HOUSE INCORPORATED, ) a Hawai`i nonprofit corporation, ) | |
| ) | |
| Nominal Defendant, ) | |
| ) | |
| -and- ) | |
| ) | |
| ANTHONY A. RUTLEDGE, SR., et ) al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| ADAM ENOS, ) | |
| ) | |
| Defendant/Counter- ) Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| KALEO AARONA, et. al., ) | |
| ) | |
| Plaintiffs/Counter- ) Defendants. ) | |
| ) | |
| _____ ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS
JAMES BOERSEMA, ROBERT FISHMAN, AND ADAM ENOS, JR.'S
JOINT MOTION TO DISMISS WITH PREJUDICE CLAIMS
BY AND AGAINST DEFENDANTS JAMES BOERSEMA,
<u>ROBERT FISHMAN, AND ADAM ENOS</u>

On June 23, 2008, the Court heard Defendants James Boersema, Robert Fishman, and Adam H. Enos, Jr.'s ("Boersema Defendants") Joint Motion to Dismiss with Prejudice Claims By and Against Defendants James Boersema, Robert Fishman, and Adam Enos (the "Joint Motion to Dismiss") (Doc. # 336).[1] T. Anthony Gill, Esq., appeared at the hearing on behalf of Plaintiffs; Vernon Yu, Esq., appeared at the hearing on behalf of the Teamsters; Calvert Chipchase, IV, Esq., appeared at the hearing on behalf of Defendant Unity House, Inc.; Nathan Yoshimoto, Esq., appeared at the hearing on behalf of Defendant Anthony A. Rutledge; Della Au Bellati, Esq., appeared at the hearing on behalf of Defendants Arlene Ilae, et al.; Joyce M. Brown, Esq., appeared at the hearing on behalf of Defendant Randall Harakal; Robert John Crudele, Esq., appeared at the hearing on behalf of Defendant Aaron Rutledge; Lance Castroverde, Esq., appeared at the hearing on behalf of Defendant Adam Enos; Robert A. Marks, Esq., appeared at

---

[1] On June 9, 2008, Defendants Anthony Rutledge, Jr., Arlene Ilae, Randolph Borges, Berna Iosua, Michael Green, Norberto Castillo, and Sonny Dudoit substantively joined the Joint Motion to Dismiss (Doc. # 346). Defendant Randall Harakal (Doc. # 349) and Defendant Mel Kahele (Doc. # 350) substantively joined the Joint Motion to Dismiss on June 13, 2008.

the hearing on behalf of Defendants James Boersema and Robert Fishman; and Pablo Quiban, Esq., appeared at the hearing on behalf of Defendant Mel Kahele.

After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART Boersema Defendants' Joint Motion to Dismiss.

## DISCUSSION

Boersema Defendants, all of whom are presently members of the Unity House, Incorporated ("UHI") Board of Directors ("UHI Board"), ask this Court to dismiss all claims by[2] and against them with prejudice pursuant to Rules 23.1 and 41(a)(2) of the Federal Rules of Civil Procedure. Boersema Defendants contend that ongoing settlement discussions in this case have been hindered by the fact that all current members of the UHI Board, including Boersema Defendants, are named as individual defendants. This gives rise to a potential conflict in that any negotiated settlement may be perceived as an attempt to minimize Boersema Defendants' personal liability exposure and, resultingly, not in the best interests of UHI. As such, Boersema Defendants aver that dismissal of all claims by and against them will improve the chances of settlement. Boersema Defendants further

---

[2] The only claim brought by Boersema Defendants is a counterclaim by Defendant Enos.

3

ask this Court to enter terms of dismissal consistent with the provisions of a stipulation for dismissal (the "Proposed Stipulation"), which is attached to the Joint Motion to Dismiss as Exhibit 1.

The Proposed Stipulation was agreed upon by all parties except Defendants Anthony A. Rutledge, Sr. ("Anthony") and Aaron Rutledge ("Aaron"). While Anthony and Aaron do not generally object to the dismissal of Boersema Defendants, they contend that the Proposed Stipulation goes too far in that it seeks unlimited release of potential future claims that Defendants, including Anthony and Aaron, might bring against Boersema Defendants and UHI based on, among other things, the continuing settlement discussions.

In his opposition to the Joint Motion to Dismiss (Doc. # 341),[3] Anthony specifically objects to the Proposed Stipulation on the basis that: (1) the Proposed Stipulation cannot be construed as a waiver or release of his claims against UHI arising out of or relating to UHI's duty to defend and indemnify him, which duties arise out of both written agreements and verbal assurances made by UHI and members of the UHI Board; (2) the Proposed Stipulation seeks a waiver and release of claims against Boersema Defendants and UHI arising out of

---

[3] On June 5, 2008, Aaron substantively joined Anthony's opposition to the Joint Motion (Doc. # 343).

anticipated settlement discussions, which potential claims are unknown; and (3) Paragraphs 1 and 2 of the Proposed Stipulation should be clarified to ensure that the claims being dismissed by and against the Boersema Defendants are only stated claims and those that might have been stated in the instant lawsuit.

Similarly, Aaron argues in his opposition to the Joint Motion (Doc. # 345) that the Proposed Stipulation: (1) would adversely affect his right to assert claims against or right to receive from UHI a defense or indemnity respecting the pending action or respecting any other claim or action, past or present; (2) would adversely affect present or future claims he might bring against Boersema Defendants and/or UHI, whether or not arising our of any anticipated settlement discussions; and (3) seeks relief beyond that which is explicitly requested in the Joint Motion to Dismiss itself.

At a plaintiff's request,[4] the Court may dismiss claims "on terms that the Court considers proper." Fed. R. Civ. P. 41(a)(2). In addition, "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise

---

[4] While unclear, it appears Boersema Defendants move for dismissal under Rule 41(a)(2), despite it being conditioned on a motion by a plaintiff, because the majority of parties to the instant suit, including Plaintiffs, have agreed that dismissal is appropriate.

must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1. The Ninth Circuit encourages settlement in derivative suits such as this one because they are expensive and "rarely successful" at trial. In re Pac. Enter. Sec. Litig., 47 F.3d 373, 378 (9th Cir. 1995).

Boersema Defendants claim that the standards imposed by Rules 41(a)(2) and 23.1 are met here because the dismissal would fully and finally terminate the claims by and between Boersema Defendants and is a necessary preliminary step to further settlement negotiations between UHI and Plaintiffs. To the extent discussed below, the Court agrees.

As stated previously, the parties are in general agreement that dismissal of Boersema Defendants is appropriate. It is the scope of this dismissal, however, that defines the instant dispute. Before discussing a remedy, the Court notes that it will not parse the language of the Proposed Stipulation to determine which passages are or are not applicable to specific parties. As the briefs here indicate, settlement negotiations are ongoing and the Court will not interfere in an area that is clearly better left to the expertise of the parties themselves.

In their reply brief, Boersema Defendants assert that Aaron and Anthony oppose the Joint Motion to Dismiss as to hypothetical claims against

Boersema Defendants[5] arising out of (1) <u>future</u> conduct of Boersema Defendants, and (2) <u>presently-existing</u> but <u>unasserted</u> cross-claims against Boersema Defendants.  Boersema Defendants agree that a dismissal that purports to reach potential future claims arising out of their future conduct, including future action related to the anticipated settlement discussions, is inappropriate.  Boersema Defendants argue, however, that this Court should order the dismissal, with prejudice, of presently-existing but unasserted cross-claims because those claims could, and should, have been asserted by now.  Boersema Defendants point out that neither Aaron nor Anthony has asserted a cross-claim against Boersema Defendants and, furthermore, do not suggest in their respective oppositions any present claims or grounds for such theoretical claims that they would have this Court preserve.  On this basis, Boersema Defendants contend, the Court should terminate purely hypothetical cross-claims where the potential cross-claimants cannot articulate the factual or legal basis for the claim.

        In light of the general policy to avoid multiple suits and to determine the entire controversy with a minimum of procedural steps, the Court finds that, to the extent that Anthony and Aaron attempt to reserve theoretical claims stemming

---

[5] Boersema Defendants take no position with regard to Aaron and Anthony's opposition to claims for indemnification by UHI.

from the same nucleus of operative facts underlying the instant lawsuit, such reservation is inappropriate.[6]  As the Court made clear at the hearing, any potential claims by Anthony and/or Aaron against Boersema Defendants in the instant suit should have been brought by this juncture of this lengthy and complex litigation.  Moreover, Anthony and Aaron did not argue, either in their briefs or at the hearing, that Plaintiffs or other named Defendants somehow lulled them into not raising available cross-claims germane to the instant matter.  To the extent that dismissal is requested as to theoretically available claims in the matter presently before the Court, the Court finds that such dismissal is warranted.  As stated at the hearing, this ruling has no impact on any existing claims regarding indemnity or other matters not at issue here.

As to future claims relating to settlement negotiations or other future conduct of Boersema Defendants, the Court agrees with Anthony and Aaron that dismissal of such claims would be inappropriate and premature.  Accordingly, the Court declines to order dismissal of Boersema Defendants with regard to Anthony and Aaron pursuant to the terms of the Proposed Stipulation.

---

[6] Anthony appears to acknowledge as much, stating in his opposition that the Proposed Stipulation should be clarified such that the claims being dismissed "are only claims which are stated and which might have been stated in the Lawsuit." (Anthony's Mem. in Opp'n at 3.)

Based on the foregoing discussion, the Court hereby ORDERS the following: (1) all claims asserted in this action by and against Boersema Defendants are DISMISSED WITH PREJUDICE; (2) with respect to the Defendants who have signed the Proposed Stipulation, all claims asserted in this action by and against Boersema Defendants are DISMISSED consistent with the stated provisions of the Proposed Stipulation; (3) with respect to Anthony and Aaron, all presently-existing claims or theoretically-existing claims arising from the underlying suit are DISMISSED WITH PREJUDICE; and (4) each party to bear its own costs.

## CONCLUSION

For the reasons stated above, this Court GRANTS IN PART AND DENIES IN PART Boersema Defendants' Joint Motion to Dismiss.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, June 25, 2008.



David Alan Ezra
United States District Judge

Kaleo Aarona, et al. vs. Unity House Incorporated, et al., Civil No. 05-00197 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS JAMES BOERSEMA, ROBERT FISHMAN, AND ADAM ENOS, JR.'S JOINT MOTION TO DISMISS WITH PREJUDICE CLAIMS BY AND AGAINST DEFENDANTS JAMES BOERSEMA, ROBERT FISHMAN AND ADAM ENOS